OPINION
On January 26, 1999, Ohio State Highway Patrol Officer Dick Miller observed appellant, John Moherman, operating a commercial tractor trailer on Township Road 805, three to five tenths of a mile from U.S. Route 250, in Ashland County, Ohio. Appellant had come from his residence where he had spent the night. The residence was further down Township Road 805; appellant was headed to Interstate 71, about a mile to a mile and a half from his home. Township Road 805 is a township route, a narrow, two-lane blacktopped road that crosses over Interstate 71 by bridge. Officer Miller stopped appellant because the vehicle looked to be overloaded. Upon weighing, the vehicle was found to be 13,000 pounds in excess of the maximum allowable weight (80,000 lbs). When stopped, appellant produced a special hauling permit, authorizing a weight in excess of 80,000 but restricting the authorized highway use to a route from "LTV Steel Cleveland OH to Ohio Kanpoh Obetz OH via Jennings-71-270-Alum Creek." The permit further recited "[p]ermission to travel county or township roads, local streets not part of the State Route, or the Ohio Turnpike must be obtained from the proper authorities." After reviewing the allowable route as outlined in the permit and determining appellant to have deviated from said route, Officer Miller voided the permit. Thereafter, Officer Miller cited appellant for an overweight violation (R.C 5577.04) and a permit violation for being off route (R.C. 4511.34). On February 4, 1999, appellant filed a motion to dismiss/motion to suppress evidence. A hearing was held on February 23, 1999. By findings of fact, opinion and judgment order filed July 1, 1999, the trial court overruled the motion to dismiss and determined appellant had waived the motion to suppress. Thereafter, appellant pled no contest. The trial court found appellant guilty and ordered him to pay a total fine of $643.00 plus court costs. Appellant preserved his right of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING THE MOTION OF THE APPELLANT TO DISMISS AND TO SUPPRESS EVIDENCE.
 I
Appellant claims the trial court erred in overruling his motion to dismiss/suppress. We disagree. Appellant was charged with violating R.C. 5577.04 (overweight) and R.C. 4513.04 (violation of special use permit). In his motion to dismiss/suppress, appellant argued provisions of the federal code preempts state law as it applies to routing requirements involving special hauling permits. In support, appellant claimed favor of the Federal-Aid Highway Act of 1956 (23 U.S.C. § 127) which provides, inter alia, the following: (b) Reasonable access. No State may enact or enforce any law denying reasonable access to motor vehicles subject to this title to and from the Interstate Highway System to terminals and facilities for food, fuel, repairs, and rest.
At the motion hearing, appellant testified he briefly deviated from the authorized route because he "decided to just go home and park in my driveway and eat supper and go to bed for the night." T. at 25. Although the trial court did not specifically find that the track followed by appellant was "unreasonable" within the meaning of the federal act, the implication of that conclusion is clear from a reading of the trial court's judgment. In its judgment order filed July 6, 1999, the trial court noted the following: Defendant had numerous options available to him to avoid deviation from his specified routes as set forth in his special use permit. The Court has not prepared to engraft an exception into the statute and the Special Use Permit which would require enforcement officials and the Court to take into consideration the location of a driver's residence as to how much deviation from specified routes would be allowed and tolerated.
Upon review, we conclude the trial court neither abused its discretion nor acted contrary to law in overruling the motion to dismiss/suppress. The sole assignment of error is overruled. The judgment of conviction and sentence by the Municipal Court of Ashland County, Ohio is hereby affirmed.
Edwards, J. concur. Gwin, P.J. dissents.